UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMSOTH SUON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUSAN L. HUBBARD,<br><br>　　　　Respondent. | 1:10-cv-01842-OWW-JLT HC<br><br>FINDINGS AND RECOMMENDATION RE:<br>RESPONDENT'S MOTION TO DISMISS<br>THE PETITION (Doc. 16)<br><br>ORDER DIRECTING OBJECTIONS TO BE<br>FILED WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on September 6, 2010 in the Sacramento Division of this Court.[1] (Doc. 1). The petition raises the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

1

claims for relief: (1) the juvenile court's adjudication of the facts prior to ordering Petitioner tried as an adult violated double jeopardy principles; (2) ineffective assistance of trial and appellate counsel; and (3) the trial court violated Petitioner's Sixth Amendment rights by using a prior juvenile conviction to enhance his sentence without submitted those facts to a jury.  (Doc. 1).

On October 6, 2010, the case was transferred to the Fresno Division.  (Doc. 6).  On October 29, 2010, the Court ordered Respondent to file a response to the petition.  (Doc. 12).  On December 28, 2010, Respondent filed the instant motion to dismiss, contending that the petition was untimely and that it should be barred as a second and successive petition.  (Doc. 16).  To date, Petitioner has not filed an opposition to the motion to dismiss.   For the reasons set forth below, the Court agrees with both of Respondent's contentions.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1) and as being a second and successive petition.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

---

running of the statute of limitation.  Petitioner signed the instant petition on September 6, 2010.  (Doc. 1, p. 6).

one year limitation period and as a second and successive petition. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 6, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on November 20, 1998 in the Stanislaus

County Superior Court of first degree murder and participation in a criminal street gang and sentenced to a term of 89 years-to-life. (Lodged Document ("LD") 1). Petitioner appealed his conviction and sentence and the California Court of Appeal, Fifth Appellate District ("5th DCA") affirmed his conviction but remanded for re-sentencing because one of Petitioner's juvenile "strikes" could not be used to enhance his sentence under California law. (LD 2, p. 8). Petitioner was re-sentenced on October 11, 2000 to a term of 59 years-to-life. (LD 5). Petitioner did not appeal the re-sentencing order.

Thus, for purposes of the Court's timeliness analysis, judgment was rendered on October 11, 2000 with no subsequent appeal. California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal, his direct review concluded on December 10, 2000, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on December 11, 2000, and Petitioner would have had one year from that date, or until December 10, 2001, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on September 6, 2010, almost nine years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules

4

governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents lodged with the Court by Respondent in conjunction with the filing of the motion to dismiss establish that Petitioner filed the following state habeas petitions: (1) filed on August 1, 2004 in the Stanislaus County Superior Court, and denied on September 20, 2004 (LD 6, 7); (2) filed in the Stanislaus County Superior Court on June 1, 2009, and denied on August 19, 2009

5

1  (LD 8, 9); (3) filed in the Stanislaus County Superior Court on August 21, 2009, and denied on
2  August 24, 2009 (LD 10, 11); (4) filed in the 5th DCA on October 22, 2009, and denied on November
3  10, 009 (LD 12); (5) filed in the California Supreme Court on January 5, 2010, and denied on July
4  14, 2010 (LD 13, 14); and (6) filed in the California Supreme Court on January 5, 2010, and denied
5  on July 14, 2010.  (LD 15, 16).

However, none of these state petitions entitled Petitioner to statutory tolling under the AEDPA because the one-year period had already expired before the first of these state petitions was filed.  A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).   Here, as mentioned, the limitations period expired on December 10, 2001, approximately two years and eight months *before* Petitioner filed his first state habeas petition on August 1, 2004.  Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.[2]

D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

---

[2] As discussed infra, Petitioner also filed a previous federal habeas corpus petition in this Court challenging the same 1998 conviction. As discussed below, he filed that federal petition on February 26, 2001, and it was pending until the federal circuit court refused to grant a certificate of appealability and dismissed the appeal on October 5, 2006. However, as mentioned previously, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. at 181-182. Therefore, the pendency of Petitioner's first federal petition for approximately six years had no effect on the running of the one-year limitation period.

6

petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be dismissed.

E.  Second And Successive Petition.

Respondent also contends that the petition should be dismissed as successive. Again, the Court agrees.

The documents lodged with the Court by Respondent establish that, on February 26, 2001, Petitioner filed a federal habeas corpus petition in this Court challenging the same conviction that is subject of the instant petition. (LD 17, 18). That case was styled as Suon v. Pliler and given the case no. 1:01-cv-05386-JKS. In that first petition, Petitioner raised three claims that appear to be different from the three claims he now raises in the instant petition: (1) Petitioner's confession was involuntary due to psychological coercion; (2) the admission of certain expert testimony at trial violated his Fifth, Sixth, and Fourteenth Amendment rights; and (3) insufficient evidence of intent. (Docket for case no. 1:01-cv-05386-JKS, Doc. 17). On March 17, 2006, in an order addressing the merits of Petitioner's claims, the district court dismissed and denied the petition. (Id.). Petitioner subsequently appealed that denial and dismissal to the United States Court of Appeals, Ninth Circuit, which refused to issue a certificate of appealability and dismissed the appeal on October 4, 2006. (Id., Doc. 25).

A federal court must dismiss a second or successive petition that raises the same grounds as a

prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show either: 1) that the claim rests on a new, retroactive, constitutional right, or 2) that the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) expressly provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner *must* obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his 1998 Stanislaus County conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner were able to overcome the timeliness defects that are fatal to his petition, and if he still desired to proceed with a petition for writ of habeas corpus raising these claims, he would first have to file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 16), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28

1 U.S.C. § 2244(d)'s one year limitation period and as a second and successive petition.

2       This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 30, 2011**                                                      /s/ Jennifer L. Thurston
                                                                                                            UNITED STATES MAGISTRATE JUDGE